IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| JACKIE LOLLIS, | ) |
| | ) No. 9:12-cv-1868-DCN |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,[1] | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court rejects the R&R and remands for further administrative proceedings.

## I.  BACKGROUND

### A.     Procedural History

Plaintiff Jackie Lollis filed an application for DIB and supplemental security income[2] on June 16, 2008, alleging disability beginning April 12, 2008.[3] Tr. 98-103. The Social Security Administration ("SSA") denied Lollis's claim initially and on reconsideration. Tr. 89-95. Lollis requested a hearing before an administrative law judge

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

[2] Lollis did not pursue his supplemental security income application. Thus, this appeal concerns only his claim for DIB. Tr. 14, 114-17.

[3] Lollis originally alleged an onset date of February 29, 2004, but amended the date to April 12, 2008 at the ALJ hearing. Tr. 14, 65-66, 134.

1

("ALJ"), and ALJ Ivar E. Avots held a hearing on April 23, 2010. Tr. 14. The ALJ issued a decision on July 28, 2010, finding that Lollis was not disabled under the Social Security Act. Tr. 11-23. Lollis requested Appeals Council review of the ALJ's decision. Tr. 8-10. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner. Tr. 2-6.

On July 5, 2012, Lollis filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on October 23, 2013, recommending that this court affirm the ALJ's decision. Lollis filed objections to the R&R on November 12, 2013 and the Commissioner responded on November 21, 2013. The matter has been fully briefed and is ripe for the court's review.

### B.     Medical History

Because Lollis's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Lollis was born on February 8, 1954, and was fifty-four years old on his date last insured. He has at least a high school education and past relevant work experience as a loom cleaner and mold injection operator.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Lollis was disabled from April 12, 2008 through June 30, 2008.[4] The ALJ first determined that Lollis did not engage in substantial gainful activity during the period at issue. Tr. 16. Second, the ALJ found that Lollis suffered from the following severe combination of impairments: hypertension; chronic obstructive

---

[4] The ALJ found that Lollis's eligibility for DIB expired on June 30, 2008, a finding that Lollis does not object to. Tr. 16.

pulmonary disorder ("COPD"); global hypokinesis; coronary artery disease status post Endeavor stent to the left anterior descending artery; cardiomyopathy; and obstructive sleep apnea ("OSA"). Id.  At step three, the ALJ determined that Lollis's combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments. Tr. 19.  Before reaching the fourth step, the ALJ made an assessment that Lollis had the residual functional capacity ("RFC") to perform medium work. Id. Specifically, the ALJ determined that Lollis could lift or carry up to 50 pounds occasionally and 25 pounds frequently; stand or walk for six hours each out of an eight-hour workday; and sit for two hours out of an eight-hour workday. Id.  The ALJ also found that Lollis should avoid concentrated exposure to hazards, fumes, odors, dusts, gases, and poor ventilation. Id.  At the fourth step, the ALJ found that Lollis could not perform any past relevant work. Tr. 21.  Finally, at the fifth step, the ALJ found that considering his age, education, work experience, and RFC, Lollis could perform jobs existing in significant numbers in the national economy and therefore concluded that he was not disabled from April 12, 2008 through June 30, 2008. Tr. 22-23.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.   DISCUSSION

Lollis objects to the R&R on three grounds: (1) the magistrate judge improperly determined that the ALJ's decision to give treating physician Dr. Charles F. Wadee's opinion little weight was supported by substantial evidence; (2) the magistrate judge improperly found the ALJ's credibility determination to be supported by substantial evidence; and (3) the magistrate improperly determined that additional evidence submitted to the Appeals Council was not "new" and "material," and therefore did not require the case to be remanded. Because Lollis's first allegation of error provides ground for remand, the court does not consider the remaining objections.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the

record. 20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). The Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, absent some indication that the ALJ has dredged up "specious inconsistencies" or has not given good reason for the weight afforded a

particular opinion. Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal quotation omitted).

The ALJ gave three reasons for giving Dr. Wadee's opinion little weight. First, the ALJ discounted Dr. Wadee's opinion because he determined that it was inconsistent with his treatment records. Tr. 21. In particular, the ALJ noted that Dr. Wadee's most recent treatment records show that the claimant had no complaints. Tr. 20, 21. Lollis extensively recounts Dr. Wadee's treatment records, noting that Dr. Wadee consistently found that he suffered from cardiomyopathy and dyspnea. Pl.'s Objections 4-8. Lollis argues that those conditions are sufficient to limit a person to sedentary activity and therefore are completely consistent with Dr. Wadee's opinion. Id.

The ALJ cited Dr. Wadee's two "most recent" treatment records in concluding that the doctor's opinion was inconsistent with his treatment records. The first of those records, dated May 6, 2009, notes that the visit was a "checkup" and that Lollis "c/o [complained of] needing refill on her (sic) medications." Tr. 331. Under the "DX [diagnosis]" and "investigation" sections, Dr. Wadee noted diagnoses of, among others, OSA, dyspnea, cardiomyopathy, type 2 diabetes, and obesity type 2. Id. Dr. Wadee's most recent treatment record, dated July 1, 2009, was also for a "checkup" and noted that Lollis had "Φ complaints." Tr. 328. Again, the the form notes diagnoses of OSA, dyspnea, cardiomyopathy, type 2 diabetes, and obesity type 2. Id. Additionally, the "med review" section lists eleven different medications. Id.

A thorough examination of Dr. Wadee's treating records makes it clear that Dr. Wadee's acknowledgement that Lollis had no or limited complaints was in no way equivalent to Dr. Wadee giving Lollis a clean bill of health. Regardless of Lollis's

6

specific complaints each visit, Dr. Wadee consistently diagnosed him with OSA, dyspnea, cardiomyopathy, type 2 diabetes, and obesity type 2.  See, e.g., Tr. 328, 331, 338, 340.  The ALJ found Dr. Wadee's opinion to be inconsistent with his treatment records after considering just one particular section of only two records and did not take into account any of the other extensive medical information contained in the doctor's records.  From this cursory analysis, the court cannot say that the ALJ's conclusion that Dr. Wadee's notes were inconsistent with his opinion was supported by substantial evidence.  See Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977) ("Unless the [ALJ] has analyzed all the evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record.").

The ALJ also discounted Dr. Wadee's opinion because it was inconsistent with both Lollis's testimony and his responses on his function report.  Tr. 21.  First, Dr. Wadee opined that side effects from Lollis's Lortab medication may have implications on his ability to work.  Tr. 346.  However, at the hearing Lollis testified that he had no significant side effects from Lortab.  Tr. 39.  Additionally, Dr. Wadee opined that Lollis had an "extreme loss" of ability to "deal with stress of semi-skilled and skilled work." Tr. 354.  However, on his function report, Lollis left blank two questions that asked about his ability to handle stress and changes in routine.  Tr. 164.  Because remand is appropriate on other grounds, the court does not consider this issue.  However, the ALJ should consider Lollis's arguments on remand.

Finally, the ALJ discounted Dr. Wadee's opinion because he determined that Dr. Wadee's long treating relationship with Lollis had led the doctor to be overly sympathetic to his patient. However, there is no evidence in the record to reasonably conclude that Dr. Wadee acted based on sympathy rather than his professional judgment when he evaluated Lollis's ability to work. Therefore, sympathy does not provide a valid reason for the ALJ to discount Dr. Wadee's opinion. See Foxman v. Barnhart, 157 F. App'x 344, 347 (2d Cir. 2005) (holding that where there is no evidence to show that sympathy informed a doctor's opinion, the ALJ's conclusion that the doctor may have been swayed by sympathy was contrary to the treating physician rule).

Because the ALJ provided an incomplete analysis in determining that Dr. Wadee's opinion is inconsistent with his treating notes and because sympathy does not provide an appropriate rationale for discounting a treating physician's opinion, the court is unable to determine whether the weight given to Dr. Wadee's opinion is supported by substantial evidence. The court therefore remands the case for further administrative proceedings to determine the proper weight to be given to Dr. Wadee's opinion. When reviewing the case on remand, the ALJ should also consider Lollis's remaining objections.

### IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** for further administrative proceedings.

      **AND IT IS SO ORDERED**.

                                                           **DAVID C. NORTON**
                                                           **UNITED STATES DISTRICT JUDGE**

**March 26, 2014**
**Charleston, South Carolina**