# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| JACKIE LOLLIS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 9:12-cv-1868-DCN |
| | ) **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,[1] | ) |
| Defendant. | ) |

This matter is before the court on a motion for attorney's fees filed by claimant Jackie Lollis ("Lollis") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Lollis requests $6,661.12 in attorney's fees as a prevailing party under the EAJA. ECF No. 44 at 1. Nancy C. Berryhill, Acting Commissioner of the Social Security Administration (the "Commissioner"), argues that Lollis is not entitled to such fees and costs because the Commissioner's position in this litigation was substantially justified. The court finds that the Commissioner's position was not substantially justified and grants Lollis's attorney fee petition.

## I. BACKGROUND

Lollis filed an application for disability insurance benefits ("DIB") on June 16, 2008, alleging disability beginning on April 12, 2008. The Social Security Administration ("SSA") denied Lollis's claim initially and on reconsideration. Lollis requested a hearing before an administrative law judge ("ALJ"), and a hearing was held

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on Jan 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this action.

1

on April 23, 2010. The ALJ issued a decision on July 28, 2010, finding that Lollis was not disabled under the Social Security Act. The Appeals Council declined to review the ALJ's decision, and Lollis filed the action for judicial review on July 5, 2012. On January 14, 2013, Lollis filed a brief asking that the court remand her case for further proceedings. The Commissioner responded to Lollis's brief on February 15, 2013. On October 23, 2013, the magistrate judge issued a report and recommendation ("R&R"), recommending that the ALJ's decision be affirmed and Lollis's motion to remand be denied. Lollis objected to the R&R on November 12, 2013, and the Commissioner filed a response to Lollis's objections on November 21, 2013. On March 6, 2014, this court reversed the Commissioner's decision and remanded the case for further administrative proceedings. The court found that the ALJ erred by failing to give appropriate weight to the opinion of Lollis's treating physician, Dr. Charles F. Wadee ("Dr. Wadee"). Due to this deficiency, the court concluded that substantial evidence did not support the ALJ's decision.

On April 28, 2014 Lollis filed a motion for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d). The Commissioner opposed the motion on May 15, 2014.

## II. STANDARD

### A. Prevailing Party

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). To qualify as a "prevailing party," a party "must succeed on the merits of a claim." S-1 By & Through P-1 v. State Bd. of Educ. of

2

N.C., 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), adopted as majority opinion, 21 F.3d 49 (4th Cir. 1994) (en banc). "In other words, success must be something buttressed by a court's authority or required by a rule of law. The lawsuit must materially alter the 'legal relationship' between plaintiffs and defendants." Id. Because this court reversed and remanded Locke's case to the Commissioner for administrative action pursuant to 42 U.S.C. § 405(g), Locke is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

### B. Substantially Justified

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's

position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

### III. DISCUSSION

The government makes two arguments in opposition to Lollis's motion: (1) that the government's position was reasonable as evidenced, at least in part, by the fact that the Magistrate Judge found in the Commissioner's favor in all respects and recommended affirming her decision, and (2) that the Commissioner's position in affording little weight to Dr. Wadee's opinion had a reasonable basis in fact and law. ECF No. 45 at 4. The court addresses each issue in turn.

#### 1. Magistrate Judge's R&R

First, the Commissioner argues that the ALJ's discounting of Dr. Wadee's opinion was substantially justified because the Magistrate Judge recommended affirming the ALJ. ECF No. 33 at 6. The court is unaware of any precedent that a favorable R&R in and of itself is sufficient to satisfy the "substantial justification" standard for an EAJA fee motion. Certainly, courts have found that a favorable R&R may weigh in favor of finding that the government was substantially justified in taking a certain position. See Mckoy v. Colvin, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) (finding that an R&R which affirmed the Commissioner's position was one factor—but not the determinative factor—to suggest the Commissioner's position was substantially justified). However, as explained below, the Commissioner fails to provide any other factors that in combination with a favorable R&R would suggest that the Commissioner's position was substantially justified.

### 2. Weight given to Treating Physician Opinion

A treating physician's opinion is afforded controlling weight when the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed, longitudinal picture" of the claimant's alleged disability. Id. In contrast, the ALJ has the discretion to give less weight to the testimony of a treating physician "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). A district court will not disturb an ALJ's determination on the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624 (4th Cir. 1998) (per curiam).

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 577(c)(3)(A) (2012). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citations omitted). "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported

5

by substantial evidence approached an abdication of the court's duty to scrutinize the record." Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977).

Lollis contends that the Commissioner's position was not substantially justified because the ALJ failed to follow well-established procedures when considering Dr. Wadee's medical opinions. The ALJ gave three reasons for giving Dr. Wadee's opinion little weight. First, his opinion was inconsistent with his treatment records; second, because his opinion was inconsistent with both Lollis's testimony and Lollis's function report; and third, because his long-term treating relationship with Lollis led him to be overly sympathetic to his patient. In its order remanding this case to the ALJ, this court remanded on the first ground.

### a. Dr. Wadee's opinion was accorded little weight because his opinion was inconsistent with his treatment records.

The ALJ must give a treating physician's opinion great weight unless persuasive contradictory evidence exists. Craig, 76 F.3d at 589. When contradictory evidence exists, then the ALJ may disregard the opinion. When a treating physician's opinion is found to be inconsistent with their treatment records, the Fourth Circuit has upheld an ALJ's decision affording less weight to that physician.

For example, in Montgomery v. Chater, 107 F.3d 866, 1997 WL 76937 (4th Cir. Feb. 25, 1997), the treating physician's patient records failed to corroborate his report. Similarly, in Bryant v. Colvin, 2015 WL 5783813 (D.S.C. Sept. 28, 2015), the ALJ found that the treating physician's opinion was "extensively contradicted" by his own treatment notes and patient records. There, two state agency physicians submitted opinions, neither of which supported the finding of the treating physician. Id. Due to the inconsistencies between the opinions of the two state agency physicians and that of the treating

physician, the court afforded little to no weight to the treating physician's opinion. Id. at *6.

But here, as the court explained in its order remanding the case to the ALJ, the ALJ came to the decision that Dr. Wadee's opinion was inconsistent with Lollis's treatment records after considering just one particular section of only two records. ECF No. 29 at 6. Furthermore, the ALJ did not take into account any of the other medical information that was contained in Dr. Wadee's records. Id. at 7. There is no evidence of "extensive contradiction" like that found in Bryant, or indeed of any contradiction at all. Id. at *5. Instead, the ALJ merely cited to two of the most recent treatment records and concluded that Dr. Wadee's opinion was inconsistent with his treatment records. ECF No. 29 at 6. Because the ALJ was incorrect in finding that Dr. Wadee's opinion was inconsistent with Lollis's treatment records, and there was no explanation of the extent of contradiction between Dr. Wadee's opinion and that of the state agency physician, the Commissioner was not substantially justified in upholding the ALJ's decision to accord the treating physician's opinion little weight.

### III. CONCLUSION

For the reasons set forth above, the court concludes that the Commissioner has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Lollis's motion for attorney's fees in the amount of $6,661.12.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 14, 2018
Charleston, South Carolina**